The Hanchulak Law Offices, P.C.
By: Gerald J. Hanchulak, Attorney I.D. #56320
604 South State Street
Clarks Summit PA   18411
Phone: (570) 319-6642                              Attorney for Plaintiff, Lauren Colianni

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAUREN COLIANNI, | : ELECTRONICALLY FILED |
| | : No.: |
| Plaintiff, | |
| vs. | : Judge |
| POPPLE CONSTRUCTION, INC. | : CIVIL ACTION –LAW |
| Defendant. | : JURY TRIAL DEMANDED |

COMPLAINT

AND NOW, come the Plaintiff, Lauren Colianni, by and through her attorneys, The Hanchulak Law Offices, P.C., and avers as follows:

I. INTRODUCTION

1. Plaintiff initiates this action to seek redress against Popple Construction, Inc. (hereinafter "Defendant"), her former employer, for unlawful gender discrimination and sexual harassment under Title VII of the Federal Civil Right Act of 1964, for unlawful Title VII Retaliation and for unlawful disability discrimination under the Americans With Disabilities Act (hereinafter ADA) and other applicable violations of law.

II. PARTIES

2. Plaintiff is an adult and competent individual residing at 20 Delbrook Way, Larksville 18651.

3. Defendant is a Pennsylvania corporation doing business in the state of Pennsylvania with offices located at 215 East Saylor Avenue, Laflin, PA 18705.

### III. JURISDICTION AND VENUE

4. Defendant is an "employer" within the meaning of the Americans with Disabilities Act of 1990 (ADA) and the Federal Civil Rights Act of 1964, as it engaged in an industry affecting interstate commerce and because it maintained or maintains fifteen (15) or more employees for each working day in each of twenty or more weeks in the current or preceding calendar year.

5. Pursuant to 28 U.S.C. § 1331 this court has original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

6. Venue in the Middle District is proper pursuant to 28 U.S.C. § 1391 (b), as the events or omissions giving rise to the claim occurred in the District and the defendant can be served in the District.

7. Plaintiff has exhausted her administrative remedies, having received an EEOC Dismissal and Notice of Rights dated January 30, 2019.

### IV. FACTUAL BACKGROUND

8. Plaintiff was employed full time by Defendant as a secretary until she was terminated on September 6, 2016.

9. Plaintiff was at all relevant times a qualified individual with a disability who was able to perform the essential functions of her job with or without reasonable accommodation.

10. In the period of January 25, 2016 to September 6, 2016 Plaintiff was subject to a hostile work environment based on sexual harassment perpetrated by her immediate supervisor, David Stiles.

11. Stiles repeatedly made sexually offensive comments to Plaintiff, such as "Suck my dick."

12. Stiles would ask Plaintiff to "hire stripers and put them in my calendar."

13. Stiles made sexually offensive comments to Plaintiff on a regular basis.

14. Plaintiff at all times made Stiles aware that his harassment was unwelcomed.

15. Defendant also discriminated against Plaintiff based upon her disability.

16. Plaintiff suffers from depression and bi-polar disorder.

17. Defendant was at all times aware of Plaintiff's depression and bi-polar disorder, and discriminated against Plaintiff based upon her disability, by reducing her work load upon learning of her condition and by subsequently terminating her.

18. In addition to directly harassing Plaintiff, Stiles enlisted his mistress Tina Marie, who used information given to her by Stiles, including Plaintiff's contact information and information about Plaintiff's disability, and family history, such as the suicide of her father, to harass Plaintiff. (See Exhibit A attached hereto).

19. Tina Marie also threatened to have Plaintiff fired, claiming that if she tells Stiles to fire Plaintiff, he will.

20. Plaintiff had no personal relationship or contact with Tina Marie prior to the harassment. The only connection between Plaintiff and Tina Marie was Stiles, yet Tina Marie had information about Plaintiff's contact information, personal medical condition and her family history.

21. Plaintiff reported the sexual harassment, and discrimination perpetrated by her direct supervisor, David Stiles, to the President of the company, Mark Popple on several occasions to no avail.

22. It was made clear to President, Mark Popple by Ms. Colianni, that Stiles' conduct was unwelcome, and was creating a hostile work environment for her, but no steps were taken on part of the Defendant to address the issue.

### Count I
### PLAINTIFF'S CLAIM UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED 1991, 42 U.S.C §2000, ET SEQ. SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT

23. Plaintiff incorporates by reference paragraphs 1 through 22 above as if the same were set forth fully herein and at length.

24. The Defendant, through the actions referenced above, created a hostile and offensive working environment, which was hostile and offensive to the Plaintiff and would have been hostile and offensive to any reasonable person.

25. Management, particularly Mr. Stiles, participated in and ratified the sex discrimination towards the Plaintiff.

26. The actions described above were done in violation of the Federal Civil Right Act of 1964.

27. At all times relevant hereto the Plaintiff found Stiles conduct unwelcomed, objectionable and offensive.

28. At all times relevant hereto Plaintiff made it known to Stiles that she found his conduct unwelcomed, objectionable and offensive.

29. Plaintiff reported the conduct of Stiles to the company president, Mark Popple, who took no action to address the situation.

WHEREFORE, Plaintiff, Lauren Colianni, respectfully requests judgement in her favor and against Defendant, Popple Construction, Inc., and award Ms. Colianni compensatory damages, back pay, front pay, the value of lost benefits, punitive damages, costs, attorney's fees, and such other relief as the Court may deem just, proper, and appropriate in the circumstances of this case.

## Count II
## RETALIATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED 1991, 42 U.S.C §2000, ET SEQ.

30. Plaintiff incorporates by reference paragraphs 1 through 29 above as if the same were set forth fully herein and at length.

31. After making complaints to Mark Popple that Mr. Stiles' conduct created a hostile work environment, Popple Construction Inc. subjected Ms. Colianni to adverse employment action when they decreased her workload, and then again when they terminated her employment on September 6, 2016.

32. After making complaints about Stiles, Tina Marie threatened to have Plaintiff fired for "crying to her boss."

33. Ms. Colianni's complaints constituted Title VII protected activity.

34. Ms. Colianni's termination on September 6, 2016 was a direct result of her engaging in protected activity.

35. There is a causal connection between Ms. Colianni's complaints, and the adverse employment actions taken against Ms. Colianni by Popple Construction, Inc.

36. The casual connection is created by the close temporal proximity between Ms. Colianni's final complaint to Mark Popple on September 1, 2016 and her termination on September 6, 2016.

37. The connection is also demonstrated by the close temporal proximity between Tina Marie's threat of having Ms. Colianni fired for "crying to her boss" on September 4, 2106 and her termination on September 6, 2016.

38. The actions by Popple Construction, Inc. set forth above caused Ms. Colianni economic loss, and emotional distress.

39. Popple Construction Inc.'s conduct in unlawfully retaliating against Ms. Colianni for reporting unlawful discrimination was deliberate and violated Title VII of the Civil Rights Act of 1964, as amended in 1991.

WHEREFORE, Plaintiff, Lauren Colianni, respectfully requests judgement in her favor and against Defendant, Popple Construction, Inc., and award Ms. Colianni compensatory damages, back pay, front pay, the value of lost benefits, punitive damages, costs, attorney's fees, and such other relief as the Court may deem just, proper, and appropriate in the circumstances of this case.

## COUNT III
## ADA DISCRIMINATION

40. Paragraphs 1 through 39 above are incorporated herein by reference as if the same were set fourth fully herein and at length.

41. Plaintiff is a "qualified individual with a disability" as the term is defined in the ADA, because she has, and has had, at all times relevant hereto, a physical impairment that

substantially limits one or more of her major life activities, or because she has a record of such impairment.

42. Plaintiff has depression and bi-polar disorder, which limits plaintiff's major life activity, as it from time to time, limits plaintiff's ability to move about and to function.

43. Plaintiff was also perceived or regarded by the defendant as having an impairment substantially limiting one or more of her major life activities.

44. The foregoing conduct by the defendant constitutes unlawful discrimination against plaintiff on the basis of her disability or perceived disability.

48. As a result of the defendants' unlawful discrimination, plaintiff has suffered emotional distress and other damages as set forth herein.

WHEREFORE, Plaintiff, Lauren Colianni, respectfully requests judgement in her favor and against Defendant, Popple Construction, Inc., and award Ms. Colianni compensatory damages, back pay, front pay, the value of lost benefits, punitive damages, costs, attorney's fees, and such other relief as the Court may deem just, proper, and appropriate in the circumstances of this case.

> Respectfully submitted,
> The Hanchulak Law Offices, P.C.
>
>
> By: s/Gerald J. Hanchulak
> Gerald J. Hanchulak, Esq., Atty ID PA 56320
> Attorney for Plaintiff, Lauren Colianni

604 South State Street
Clarks Summit, PA 18411
(570) 319-6642
ghanchulak@hanchulaklaw.com